# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 18, 2012

## STATE OF TENNESSEE v. DONNIE PAUL BOLING, JR.

### Appeal from the Criminal Court for Sullivan County
### No. S57866      R. Jerry Beck, Judge

### No. E2012-00348-CCA-R3-CD - Filed December 19, 2012

The defendant, Donnie Paul Boling, Jr., pled guilty to reckless endangerment, a Class E felony, and to driving under the influence, possession of less than one-half ounce of marijuana, and possession of Alprazolam, all Class A misdemeanors. The trial court imposed a total effective sentence of one year. In this appeal, the defendant's sole claim is that the trial court erred by denying him probation or an alternative sentence. Following our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Steve Wallace, District Public Defender, and Joseph F. Harrison, Assistant District Public Defender for the appellant, Donnie Paul Boling, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; Brandon Haren and Josh Parsons, Assistant District Attorneys General; for the appellee, State of Tennessee.

## OPINION

### Procedural and Factual Background

The stipulated facts from the guilty plea hearing reveal that on October 28, 2009, Officer Ramsey with the Sullivan County Sheriff's Office responded to a motor vehicle

accident on Elizabethton Highway. Upon arrival, the officer saw the defendant and another man sitting in a field. The defendant, who was described as having red watery eyes and as being unsteady on his feet, indicated he was the driver of the vehicle. He told the officer that he lost control of the vehicle and drove through two fences. The officer observed a small container with six pills where the defendant had been sitting. However, the defendant denied ownership of the pills. When asked if he had used any drugs, the defendant responded that he had used marijuana earlier in the day but currently had none on him. The officer also smelled an odor of alcohol coming from the defendant. The defendant told the officer he drank a couple of twenty-eight ounce beers that day. After the defendant refused to take field sobriety tests, the officer took the defendant to Bristol Regional Hospital for a blood test. While at the hospital, the defendant handed the officer a bag of marijuana. The lab results indicated the defendant's blood alcohol content was 0.08 percent. Tests revealed that the pills were Alprazolam and that the substance in the bag produced at the hospital was marijuana.

On June 22, 2010, the defendant was charged in a five-count presentment with reckless aggravated assault, a Class D felony, and with driving under the influence, possession of less than one-half ounce of marijuana, possession of Alprazolam, and driving under the influence with a blood alcohol concentration over 0.08 percent, all Class A misdemeanors. On September 6, 2011, he pled to the possession counts; to the driving under the influence counts as merged; and to a reduced charge of reckless endangerment, a Class E felony. The defendant was sentenced to eleven months and twenty-nine days at seventy-five percent on each of the three misdemeanor counts and to one year as a Range I standard offender on the remaining felony count, all running concurrently for an effective one-year sentence.

On February 13, 2012, the trial court conducted an alternative sentencing hearing. The court reviewed the presentence report, noting several past convictions as well as prior probation violations. The court considered the defendant's educational background and present physical and mental health. The court recited defendant's lengthy history of alcohol and drug use beginning at age fourteen and continuing up to the time of the preparation of the presentence report. The defendant had also admitted using methamphetamine from his thirties through age forty-six. The report indicated that the defendant was married with two children and had been employed by his father's trucking company until 2009, when he was approved for social security disability.

The defendant testified that he was forty-nine years old. He said he quit school after the eighth grade and had never gotten a GED. The defendant cited a number of health issues including stomach problems, hepatitis B and C, COPD, a pinched nerve in both arms, four bulging disks in his neck, and possibly an undiagnosed ailment for which he was undergoing

testing. He said he was no longer taking Roxicets and Xanax for anxiety and pain due to insurance issues. The defendant stated that he started using alcohol and marijuana at age fourteen and used it heavily into his thirties. He testified that he had not had a drink since before Halloween of 2011 but that he had used marijuana a few days before the alternative sentencing hearing. He also admitted to past cocaine use and to methamphetamine use ending three years ago. The defendant said he had been exposed to a substance abuse program in 1997 in an Arkansas prison. The defendant testified that his conduct, which had resulted in his present charges, was wrong and that he should not have been engaged in such conduct. He testified that there was no chance that such conduct would be repeated. On cross-examination, the defendant said he had gone through drug classes as part of his probation on his August 2010 drug possession charge in Johnson City, Tennessee. He agreed that both programs were required as part of his plea or sentence, rather than something he had sought on his own. The defendant admitted that he knew marijuana was an illegal substance but acknowledged that he had continued to use it even while awaiting sentencing in the present case.

At the conclusion of the alternative sentencing hearing, the trial court found that, by the defendant's own testimony, he had been through at least two prior drug treatment programs with no apparent success. The trial court also found that the defendant had numerous prior convictions, including at least two prior felonies. Finally, the court found that the defendant had prior probation or parole revocations. The court ordered the defendant to serve his sentence. A notice of appeal was filed at the conclusion of the hearing.

**Analysis**

In this appeal, the defendant claims the trial court erroneously interpreted and applied applicable law in denying him any form of probation or alterative sentencing. We review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." State v. Susan Renee Bise, _____ S.W.3d _____, No. E2011-00005-SC-R11-CD, slip op. at 29 (Tenn. Sept. 26, 2012). This abuse of discretion standard equally applies to questions related to probation or any other alternative sentence. State v. Christine Caudle, _____ S.W.3d _____, No. M2010-01172-SC-R11-CD, slip op. at 7 (Tenn. Nov. 27, 2012).

When making a determination as to the proper sentence, the trial court must consider (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any mitigating or statutory

enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant made on his own behalf; and (8) the potential for rehabilitation or treatment. T.C.A. § 40-35-102, -103, -210.

Under the revised Tennessee sentencing scheme, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *State v. Carter*, 254 S.W.4d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, a defendant who is not within the "parameters of subdivision (5) [of Tennessee Code Annotated section 40-35-102], and who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." *Id.* Additionally, we note that a trial court is "not bound" by the advisory sentencing guidelines; rather, it "shall consider" them. T.C.A. § 40-35-102(6) (emphasis added).

Subject to certain exceptions, a defendant is eligible for probation if the sentence imposed on the defendant is ten years or less. T.C.A. § 40-35-303(a). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he is a suitable candidate for probation. *Id.* at 303(b); *see also State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. *Bingham*, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. *Id.* Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *Goode*, 956 S.W.2d at 527. Also relevant is whether a sentence of probation would unduly depreciate the seriousness of the offense. *State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997); *Bingham*, 910 S.W.2d at 456. Denial of probation may be based solely upon the circumstances of the offense when they are of such a nature as to outweigh all other factors favoring probation. *Bingham*, 910 S.W.2d at 456.

A trial court may deny alternative sentencing and sentence a defendant to confinement based on any one of the following considerations which establish "evidence to the contrary" to rebut a defendant's status as a "favorable candidate" for alternative sentencing:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1). In choosing among possible sentencing alternatives, the trial court should also consider the potential (or lack thereof) for the defendant's rehabilitation or treatment. T.C.A. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also Dowdy*, 894 S.W.2d at 305-06. Finally, the court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114. T.C.A. § 40-35-210(b)(5).

In the instant case, the defendant argues that an alternative sentence is the most appropriate disposition. He claims that the trial court did not fully consider the sentencing factors set out in Tennessee Code Annotated section 40-35-201(b) and did not consider the mitigation evidence offered by the defendant. This mitigating evidence includes his remorse for committing the instant offenses; his curtailed alcohol and drug use with the exception of continued marijuana used to alleviate pain; his recognized need for substance abuse counseling and willingness to attend such programs; his health issues; and his employment history.

The record reflects that the trial court conducted the defendant's earlier guilty plea colloquy, and the court considered the stipulated facts: The defendant, under the influence of an intoxicant and in possession of Alprazolman and marijuana, drove his vehicle off the highway and through two fences before coming to rest in a field. According to the guilty plea transcript, but for a request for a reduced charge made by the injured passenger, the defendant would have faced a Class D felony.

In addition, the record reflects that the trial court carefully considered the detailed contents of the defendant's presentence report. As noted by the trial court, the defendant had a long history of criminal convictions, including at least two prior felony charges. The presentence report also established prior parole and probation revocations.

The record reflects that the trial court considered the other legally-requisite factors. The record chronicles the defendant's lifetime of alcohol and drug abuse, including frequent use of alcohol, marijuana, cocaine, and methamphetamine. The record reflects that the defendant's only rehabilitative attempts were two programs mandated as conditions of his confinement or probation. The defendant's present offer to abide by any proposed program if granted probation or other alternative sentence rings hollow in light of his years of substance abuse and criminal activity without any apparent attempt to seek such treatment on his own. In fact, the defendant's testimony revealed that his alcohol use was only recently suspended and that his marijuana use has continued. The defendant's passing reference to its continued use "for various reasons, pain and so forth" lends little support to the defendant's claim that he is presently interested in rehabilitation.

Similarly, the defendant's testimony concerning his remorse appears to consist of but a brief reference made in response to his counsel's question concerning how the defendant felt about the conduct that resulted in these charges. Nothing in the record indicates the trial court failed or refused to consider the defendant's acknowledgment that he was "in the wrong" and "shouldn't have been out doing what [he] was doing," or the defendant's response that there was no chance he would repeat the conduct at issue. The trial court also heard testimony about the defendant's health issues; however, no evidence was presented that the health conditions could not be satisfactorily treated while in confinement. Finally, the court heard testimony indicating the defendant had worked for his father's trucking company his entire life until he qualified for social security disability in 2009. Apparently, this testimony was given such weight as the trial court deemed appropriate.

At the conclusion of the hearing, the trial court denied the defendant's request for alternative sentencing and ordered the defendant to serve his sentences in confinement. Following our review, we conclude that the trial court appropriately considered the sentencing principles cited above and all the relevant facts and circumstances, and the court did not abuse its discretion when it denied alternative sentencing.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE